UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTINE NEEDLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01752-TWP-TAB |
| | ) |
| EADS ROOFING, LLC, | ) |
| PRESIDENT CLAYTON EADS, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON FEBRUARY 16, 2022, TELEPHONIC STATUS CONFERENCE**

This case was set for a telephonic status conference on February 16, 2022. Defendants' counsel appeared by telephone as ordered. Plaintiff's counsel, Jay Meisenhelder, failed to appear. The Court had to call Meisenhelder to get him to participate in the conference. Meisenhelder informed the Court that he did not have the conference noted on his calendar. This misstep is bad enough. Making matters even worse, however, is that Meisenhelder also failed to appear for the August 4, 2021, initial pretrial conference. [Filing No. 14.] The Court issued a show cause order for that error. The Court ultimately discharged the show cause order, but invited Defendants' counsel to seek their fees for their wasted time. [Filing No. 16.] Mercifully, Defendants did not seek their fees.

Despite dodging that bullet, Meisenhelder dropped the ball again in failing to appear for the February 16 status conference. The Court would expect Meisenhelder to be more careful for at least two reasons. First, he was already on the receiving end of a show cause order in this case. Second, as Meisenhelder well knows, due to Meisenhelder's repeated missteps in multiple cases, the undersigned magistrate judge is assigned to every civil case Meisenhelder has filed in this district in order to monitor his conduct in his pending cases.

The Court gave Meisenhelder an opportunity to be heard at the February 16 conference, and he acknowledged that a monetary sanction would be appropriate based on his failure to appear.  Nevertheless, the Court declines to issue a monetary sanction.  The Court was able to reach Meisenhelder so that he could participate in this conference, and he was able to discuss the status of the case with the Court.  As a result, any needlessly incurred fees on Defendants' part are negligible.

That being said, a sanction is appropriate.  Accordingly, the Court admonishes Meisenhelder for his failure to appear, which as noted is the second time he has done so in this case (in addition to others).  Continued missteps in this or other cases may well result in more serious sanctions, including monetary sanctions, dismissal, or even referral to the Indiana Disciplinary Commission.  The Court encourages Meisenhelder to take whatever steps are necessary to ensure he handles his professional obligations competently.  Rule 1.1 of the Indiana Rules of Professional Conduct requires that counsel provide competent representation, and states in relevant part, "Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."  Meisenhelder's representation of Plaintiff in this case has missed that mark.

Dated:  2/17/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email